IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELISSA VAN HOOK,<br><br>Plaintiff,<br><br>vs.<br><br>CRETE CARRIER CORPORATION,<br><br>Defendant. | 8:25CV469<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Motion for Extension of Time to File a Responsive Pleading, Filing No. 26, and Plaintiff's pro se Combined Motion seeking a variety of relief. Filing No. 27.

First, Defendant is seeking an extension of time to file a responsive pleading. Plaintiff opposes Defendant's motion. She requests the Court direct Defendant to file a responsive pleading "so that this case may move forward without further unnecessary delay." Filing No. 27 at 1.

For context, Plaintiff filed this action in the United States District Court for the District of Idaho in December 2024. Filing No. 1. Defendant subsequently filed a motion to dismiss. Filing No. 3. On July 21, 2025, the Court[1] adopted the Magistrate Judge's[2] Report and Recommendation, Filing No. 18, granted Defendant's motion to dismiss for lack of personal jurisdiction, and transferred the case to the District of Nebraska. Filing No. 19. Accordingly, Defendant was required to file a responsive pleading by August 4,

---

[1] The Honorable B. Lynn Winmill, Senior United States District Court Judge for the District of Idaho.

[2] The Honorable Raymond E. Patricco, Chief United States Magistrate Judge for the District of Idaho.

1

2025. See Fed. R. Civ. Proc. 12(a)(4). Defendant did not move to extend the responsive pleading deadline until a week later, on August 14. Defendant is seeking a two-week extension to respond to the complaint (from August 14 to August 28).

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend the time for Defendant to respond to the complaint for good cause shown "on motion made after the time has expired if [Defendant] failed to act because of excusable neglect." Here, Defendant did not engage local counsel until August 13—after the deadline to respond expired. Defendant's new attorney then immediately moved to extend the responsive pleading deadline. The Court finds the delay in moving to extend the responsive pleading deadline to engage local counsel is excusable neglect given the chronology detailed above. Moreover, this error will result in minimal delay and will not unfairly prejudice Plaintiff. See J&J Sports Prods., Inc. v. Vega, No. 5:15-CV-5199, 2016 WL 627356, at *1 (W.D. Ark. Feb. 16, 2016). Accordingly, for good cause shown, Defendant's motion is granted. Defendant shall file a responsive pleading within two weeks of today's date.

Second, Plaintiff moves for a ruling on her previously filed motion for sanctions. Filing No. 27. This portion of Plaintiff's motion is denied. Although unclear, it appears Plaintiff requested the Court impose sanctions on Defendant when she filed a sur-reply in opposition to Defendant's motion to dismiss. Filing No. 14. "Federal Rule of Civil Procedure 7(b)(1) generally requires parties to request court orders by a written motion and 'state with particularity the grounds for seeking the order' and 'the relief sought.'" Doe v. Bd. of Regents of Univ. of Neb., 509 F. Supp. 3d 1133, 1144 (D. Neb. 2020). Plaintiff never formally moved for sanctions. Plaintiff's only motion pending is her current motion.

Moreover, to the extent Plaintiff's current motion can be construed as a separate motion for sanctions, this request is also denied. It appears Plaintiff is seeking sanctions pursuant to Federal Rule of Civil Procedure 11 or the Court's inherent authority, Filing No. 27 at 10, "based on Defendant's repetitive and dilatory filings," Filing No. 27 at 4, "repetitive and obstructive litigation tactics," Filing No. 27 at 6, its refusal to respond to the complaint or engage in discovery, Filing No. 27 at 7, and its refusal to disclose facts regarding its business operations, Filing No. 27 at 10, which resulted in the transfer of this case from Idaho to Nebraska. Filing No. 27 at 2.

2

Upon review of the docket, Defendant filed a motion to dismiss for lack of personal jurisdiction, supporting briefing and evidence, its corporate disclosure statement, and a motion to extend its responsive pleading deadline as well as an entry of appearance for its new counsel and a motion to withdraw filed by its prior counsel. None of these filings are appropriately characterized as repetitive or obstructive, or dilatory to the extent sanctions are appropriate. Moreover, Defendant was not required to answer Plaintiff's complaint while its motion to dismiss was pending and the Court denied Plaintiff's motion for jurisdictional discovery. Filing No. 18 at 10–11. Accordingly, Plaintiff's motion is denied to the extent she is requesting sanctions.

Finally, Plaintiff moves the Court to schedule a telephone conference because she recently moved from Idaho to Louisiana.[3] This request is denied as premature. After Defendant files an Answer, the Court will enter a progression order setting deadlines for the parties to conduct discovery. The undersigned is willing to hold a teleconference to discuss case progression after the progression order is entered but, until then, a teleconference is premature.

Accordingly,

IT IS ORDERED:

1) Defendant's Motion for Extension of Time to File a Responsive Pleading, Filing No. 26, is granted. Defendant shall file a responsive pleading on or before September 9, 2025.
2) Plaintiff's Combined Motion, Filing No. 27, is denied.

Dated this 26th day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

---

[3] The Clerk of the Court updated the docket to reflect Plaintiff's new address pursuant to her Notice of Change of Address. Filing No. 27.