IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELISSA VAN HOOK,

Plaintiff,

vs.

CRETE CARRIER CORPORATION,

Defendant.

**8:25CV469**

**ORDER**

Before the Court is Defendant's Motion to Strike Plaintiff's Jury Demand as to Equitable Remedies, Filing No. 60, in which Defendant requests the Court enter an order striking Plaintiff's jury demand as to equitable remedies—back pay, front pay, and injunctive relief—as well as the jury demand relating to punitive damages on her claim of libel. Plaintiff did not file a timely opposition to this motion. For the reasons set forth herein, the Court grants the motion in part and denies it in part.

## BACKGROUND

On December 19, 2024 Plaintiff filed a pro se complaint related to her employment with Defendant. Filing No. 1. Plaintiff's complaint includes allegations of violations of the Americans with Disabilities Act ("ADA") for discrimination related to Plaintiff's night blindness and Defendant's failure to provide reasonable accommodations. *Id.* at 3–4. Plaintiff also sets forth a claim for libel relating to Defendant's issuance of a report containing allegedly false information about Plaintiff's work history with Defendant. *Id.* at 3. In her complaint, Plaintiff requests relief including back pay, front pay, punitive damages, and injunctive relief, specifically an order requiring Defendant to retract or correct the allegedly false

report relevant to Plaintiff's libel claim. *Id.* at 5. Plaintiff also requested a jury trial "on all issues so triable." *Id.*

## DISCUSSION

Federal Rule of Civil Procedure 38 preserves the Seventh Amendment right to a jury trial. Fed. R. Civ. P. 38. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" U.S. Const. amend. VII. "[A] court can strike a jury demand if it 'finds that . . . there is no federal right to a jury trial.'" *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 607–08 (8th Cir. 2025) (quoting Fed. R. Civ. P. 39(a)(2)).

When considering Defendant's request to strike the jury demand for back pay, front pay, and an injunction, the law is clear that these remedies are equitable in nature, and thus, Plaintiff has no federal right to a jury trial. *Allied Servs., LLC*, 153 F.4th at 610 (stating that "injunctive relief . . . is equitable in nature, and "the Seventh Amendment does not apply in [that] context[ ]."); *Newhouse v. McCormick & Co.*, 110 F.3d 635, 643 (8th Cir. 1997) (stating that "front pay, including the determination of how much front pay to award, is an equitable issue for the court."); *Pedigo v. P.A.M. Transp., Inc.*, 60 F.3d 1300, 1303 (8th Cir. 1995) (stating that "[t]he awarding of back pay . . . has traditionally been considered an equitable remedy—i.e., not damages—even though it is monetary in nature."); *see also Equal Opportunity Emp. Comm'n v. Werner Enters., Inc.*, No. 8:18-CV-329, 2023 WL 3805842, at *6 (D. Neb. June 3, 2023) (stating "[a]n award of back pay in an ADA case is equitable relief, even though monetary in nature."). These issues are reserved for the Court. As such, to the extent Plaintiff seeks a jury trial as to equitable relief, including back pay, front, pay, or an injunction, that request is stricken.

Next, the Court considers Defendant's request to strike Plaintiff's jury demand[1] as to punitive damages. Defendant supports this request by stating that punitive damages on Plaintiff's state law libel claim are unavailable as a matter of law. Filing Nos. 60 and 61.

To the extent Defendant is itself moving to strike Plaintiff's prayer for recovery of punitive damages, that request is untimely. Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so on its own motion or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* Since Rule 12(f) also authorizes the district court to act on its own motion, "'the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit.'" *United States v. Lot 65 Pine Meadow, an Addition to Barling, Sebastian Cnty., Ark., with all Appurtenances & Grounds*, 976 F.2d 1155, 1157 (8th Cir. 1992) (citation omitted).

Although Defendant's request is untimely, the undersigned, on the Court's own motion, finds that the motion has merit and strikes Plaintiff's claim for punitive damages on her libel claim.[2] As stated by Defendant, the Nebraska Supreme Court[3] has consistently held that punitive, vindictive, or exemplary damages

---

[1] Defendant's request is unclear. Specifically, Defendant asks to strike the jury demand as it relates to Plaintiff's request for punitive damages on her libel claim and relies on Rule 39. Filing No. 61 at 1. This seemingly implies that the punitive damages Plaintiff's seeks should be tried by the Court. But, as argued and acknowledged herein, punitive damages are unavailable under Nebraska law.

[2] As punitive damages may be available under the ADA, and Defendant makes no argument as to this remedy, the Court limits its analysis to Plaintiff's state law claim for libel.

[3] Defendant cites to Nebraska law when evaluating whether Plaintiff is entitled to punitive damages on her libel claim. Plaintiff did not respond to Defendant's motion or otherwise argue a different state's laws apply. Rather, Plaintiff's opposition to Defendant's motion for summary judgment also exclusively relies on Nebraska law as it relates to her claim for libel. Filing No. 67. As such, the Court assumes Nebraska law applies.

contravene Article VII, Section 5 of the Nebraska Constitution and are not allowed in Nebraska. *See* *Distinctive Printing & Packaging Co. v. Cox*, 232 Neb. 846 (1989); *O'Brien v. Cessna Aircraft Co.*, 298 Neb. 109 (2017). As Nebraska law does not provide for punitive damages, the undersigned strikes Plaintiff's request for punitive damages on her claim for libel.

Accordingly,

IT IS ORDERED:

1. Defendants' Motion to Strike Jury Demand, Filing No. 60, is granted in part and denied in part. Plaintiff's jury demand is stricken as it relates to her claims for back pay, front pay, and an injunction. Defendant's motion is otherwise denied.
2. On the Court's own motion, Plaintiff's request for punitive damages for her claim of libel is stricken.

Dated this 9th day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge